UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DANIELETTE GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 5:09-CV-044-BG |
| | ) ECF |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Danielette Griffin seeks judicial review of a decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits and Supplemental Security Income. The United States District Judge transferred this case to the United States Magistrate Judge. Griffin did not consent to the jurisdiction of the court.

Pursuant to the order of transfer, the undersigned files this "Report and Recommendation." After reviewing the arguments of the parties, the administrative record, and the applicable law, this court recommends that the Commissioner's decision be affirmed and that this action be dismissed.

**I.     Standard of Review**

The court's role is limited to determining whether the Commissioner applied the proper legal standards in reaching the decision and whether substantial evidence supports the Commissioner's decision. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). "Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support the Commissioner's decision." *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If the Commissioner's decision is supported by substantial evidence, it is conclusive and must be affirmed. *Id*.

## II.     Statement of the Case

Griffin claims he suffers from numerous and various ailments including headaches, foot pain, lower back pain, right shoulder pain, and hypertension. (Tr. 35-36, 126-132.) He suffered a back injury while lifting a tray of silverware at work in September 2003 but was released to light duty work in early January 2004. (Tr. 237-39.) Although Griffin worked various jobs thereafter, he did not return to full-time work. (Tr. 100, 110, 113.) He testified at a hearing before an Administrative Law Judge (ALJ) that he spent his days "doing little things around the house" and indicated on application documents that he took his fiance and her five children to work and school, babysat the children, exercised by throwing a football to the children until his shoulder tired, and cooked for them. (Tr. 34, 139.) Griffin filed his applications for benefits on December 26, 2006. (Tr. 89-96.)

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner utilizes a five-step sequential evaluation to determine whether a claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920 (2008). Under the sequential evaluation, the ALJ determines whether (1) the claimant is not working in substantial gainful activity; if not (2) whether the claimant has a severe impairment; if so (3) whether the claimant has an impairment that meets or equals a listed impairment in Appendix I of the regulations and is presumed disabled; if not, (4) whether the claimant retains the Residual Functional Capacity ("RFC") to perform his past relevant work; and, if not, (5) whether the claimant is capable of performing any other work. *Id*. At issue in this case is the ALJ's determination at the fifth step of the sequential evaluation. At that step, the burden is

on the Commissioner to show that the claimant can perform some type of work that exists in the national economy, considering the claimant's RFC, age, education, and past work experience. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (citing 20 C.F.R. § 404.1520(f)); *see also* 20 C.F.R. § 416.920(g). The ALJ must identify the particular types of work the claimant can perform despite his impairments, and any jobs the ALJ determines the claimant can perform must exist in significant numbers in the national economy. 20 C.F.R. §§ 404.945(a), 404.960(c). At issue in this case are determinations the ALJ made with respect to Griffin's level of education. Also at issue in this case is whether the ALJ erred in not applying the Medical Vocational Guidelines (the "Grid Rules") to determine whether Griffin was disabled.

Located in the Commissioner's regulations at appendix 2 of part 404, the Grid Rules consist of rules that direct a finding that jobs either exist or do not exist in the national economy when the claimant's age, educational level, prior work experience, and RFC correspond with the criteria of a Grid Rule. *See* 20 C.F.R. pt. 404, subpt. P., app. 2 § 200.00(b). Thus, the Grid Rules direct a finding of disability or non-disability when the claimant's age and vocational factors coincide to the criteria of a particular rule. *See* 20 C.F.R. pt. 404, subpt. P., app. 2 § 200.00(a).

After the hearing the ALJ determined that Griffin was fifty-three years old, was literate and had a tenth grade education, and had the RFC to perform light work so long as such work could be performed with certain non-exertional limitations and so long as the work required no reading or writing on the job.[1] (Tr. 18, 20.) The ALJ consulted a Vocational Expert (VE) and based on testimony from the VE, determined that Griffin could perform jobs that exist in substantial numbers

---

[1] The ALJ specifically found that Griffin could perform work that would allow him to sit or stand at his option; that would require no climbing, crawling, kneeling, or squatting and only occasional stooping and crouching; that would require no lifting of the dominant arm above the shoulder level; that would be performed in a dust-free, fume-free, chemical-free, and climate-controlled environment; that could be performed by an individual with no hearing in one ear; that would require no reading or writing on the job; and that could be performed by an individual with a less than moderate concentration deficit. (Tr. 18.)

3

in the national economy and was not disabled. (Tr. 21.)

Griffin does not contest the ALJ's determination in regard to his age or the ALJ's determination that he can perform light work with non-exertional limitations. He contests, instead, the ALJ's determination regarding his educational level. He contends that he is illiterate, that the ALJ erred in determining that he has a tenth grade education, and that the ALJ's error was prejudicial because, if the ALJ would have found that he was illiterate, the Grid Rules would have mandated a finding that he is disabled. Griffin argues that the ALJ should have relied upon the Grid Rules rather than VE testimony and claims the Grid Rules are conclusive in regard to the question of disability and that they "prevail over case-specific VE testimony." Finally, Griffin argues that the ALJ's determination that he is not illiterate and that he has a tenth grade education conflicts with the ALJ's determination that he is capable of working in jobs that would require no reading and writing on the job.

### III. Discussion

The ALJ applied the correct legal standards in reaching his decision, and his decision is supported by substantial evidence. Griffin's arguments to the contrary must be rejected. First, as noted above, Griffin does not contest the ALJ's determination that he can perform the physical requirements of limited light work. Second, substantial evidence supports the ALJ's determination that Griffin has a tenth grade education and that he is not illiterate. Finally, the ALJ's determination regarding Griffin's educational level does not conflict with his determination that Griffin is limited to working in jobs that require no reading and writing.

The ALJ determined that Griffin was not illiterate and that he had a limited education. *See* Tr. 20. The regulations define "limited education" as education attained in the seventh through

4

eleventh grades. 20 C.F.R. § 404.1564(b)(3). Griffin indicated in testimony that he completed the tenth grade; in response to the ALJ's question about his educational attainment, Griffin testified that he "stopped close to the 11th grade." (Tr. 27.) The ALJ may rely upon a claimant's testimony regarding his education. *Perez v. Barnhart*, 415 F.3d 457, 463 (5th Cir. 2005).

Griffin's claim that he is illiterate is without merit. The regulations define illiteracy as the inability to read or write, *see* 20 C.F.R. § 404.1564(b)(1), and the evidence does not demonstrate that Griffin is incapable of reading and writing. Griffin indicated on application documents that he could read and understand English. (Tr. 117.) Although Griffin testified that he could read and write "very little" and testified that his wife completed the disability application documents for him, he also testified that he could read the notice of hearing well enough to understand that a hearing was scheduled in his case. (Tr. 32-33.) The regulations direct that an individual is considered illiterate if he cannot read or write a simple message such as instructions or inventory lists. 20 C.F.R. § 404.1564(b)(1). Griffin's testimony that he could read the notice of hearing well enough to know that a hearing was scheduled in his case demonstrates that he could read a simple message and was not "illiterate," as that term is defined by the regulations. Griffin's claim that he is illiterate must be rejected.

Griffin's claim that the Grid Rules direct a finding of "disabled" in this case must also be rejected. At the time of the ALJ's decision, Griffin was fifty-three years old and therefore "closely approaching advanced age," as that phrase is defined in the regulations. *See* 20 C.F.R. § 404.1563(d) and Tr. 20, 39. Based on this fact and the ALJ's determination that Griffin could perform work in the light exertional range of work, Grid Rules 202.09 through 202.15 apply and, of these rules, only Rules 202.09 and 202.10 apply because Griffin's past work was primarily

unskilled. *See* Tr. 39; *see* 20 C.F.R. pt. 404, subpt. P. app. 2 § 200.09-200.15. Of these two rules, Rule 202.09 alone directs a finding of disabled, and that rule directs a finding of disabled only if the claimant is illiterate or unable to communicate in English. 20 C.F.R. pt. 404, subpt. P. app. 2 § 202.09. As discussed above, Griffin is not illiterate, and the evidence establishes that he can communicate in English.

The ALJ did not err in relying on testimony from the VE. The regulations direct that the services of a vocational expert may be used to determine whether the claimant can work in specific occupations. 20 C.F.R. § 416.966(e), and the Fifth Circuit Court of Appeals has acknowledged that a vocational expert is called to testify because of his familiarity with job requirements and working conditions, *Vaughan*, 58 F.3d at 132 (citing *Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir.1986)). In this case the ALJ posed a hypothetical question to the VE in which he incorporated Griffin's demographic information and residual functional capacity and asked whether such an individual would be capable of performing any jobs in the national economy, and the VE testified that such jobs existed in substantial numbers in the national economy. (Tr. 40.) Once the Commissioner identifies alternative work the claimant can perform, the burden then shifts back to the claimant to show that he cannot do the identified work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). Griffin has not shown that he is incapable of performing the jobs the VE identified.

Griffin's final argument – that the ALJ's determination that he is not illiterate and that he has a tenth grade education conflicts with the determination that he is limited to jobs that would require no reading and writing on the job – does not require remand. Arguably, an individual may be better suited for a job that requires no reading and writing even though he is literate. And the fact that a

6

claimant is limited to work that does not require reading and writing on the job does not significantly diminish the number of jobs available to him in the national economy, and this is especially true in regard to jobs that are unskilled in nature. *See* 20 C.F.R. pt. 404, subpt. P. app. 2 § 202.00(g). The ALJ in this case determined, based on VE testimony, that Griffin could perform the jobs of small products assembler, bakery line worker, and folding machine operator, all of which are performed at the light exertional level and all of which are unskilled in nature. (Tr. 21, 40.) The regulations direct that literacy and the ability to communicate in English have little significance upon the ability to perform unskilled light work because "the primary work functions in the bulk of unskilled work relate to working with things" rather than with data or people. 20 C.F.R. pt. 404, subpt. P. app. 2 § 202.00(g). It should be noted that Griffin's prior work as a cook was unskilled and required little, if any, reading and writing and the jobs the ALJ determined Griffin can perform are unskilled jobs that do not require reading and writing. *See* Tr. 21, 119. Griffin has not demonstrated a deterioration in his mental or intellectual functioning since he last worked. It should be assumed, therefore, that if Griffin was capable of performing the mental and intellectual demands of his prior work, he is capable of performing the mental and intellectual demands of the jobs the ALJ identified.

## IV. Conclusion and Recommendation

A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A), 42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. §§ 404.1505, 416.911. The Commissioner has shown with substantial evidence that Griffin can perform other work existing in the national economy; therefore, the decision is conclusive and must

7

be affirmed.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

**V.      Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:        January 14, 2010.

NANCY M. KOENIG
United States Magistrate Judge